IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MITCHELL HICKS,** | : |
| **Plaintiff,** | : |
| vs. | : CIVIL ACTION 09-00452-KD-B |
| **RENETTA CHAPMAN,** *et al.*, | : |
| **Defendants.** | : |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se, filed the instant case alleging violations under 42 U.S.C. § 1983 (Docs. 1, 6, 7). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. Because Plaintiff has failed to prosecute and to comply with the Court's Orders dated July 27, 2009 and September 3, 2009 (Docs. 4, 9), it is recommended that this action be dismissed without prejudice.

On July 22, 2009, Plaintiff filed this § 1983 action while incarcerated at Clarke County Jail (Doc. 1). In an Order dated July 27, 2009, Plaintiff was ordered to refile his handwritten complaint (Doc. 1) on the Court's form for actions alleging violations under 42 U.S.C. § 1983 by August 27, 2009. Plaintiff was also directed to refile his affidavit and notice of financial history (Docs. 2, 3) on the Court's required form for a motion to proceed without prepayment of fees and costs by August 27, 2009.

(Doc. 4). Plaintiff was cautioned that his failure to comply with the Order within the prescribed time would result in the dismissal of his action.  The Court also directed the Clerk to send to Plaintiff the appropriate forms for an action under 42 U.S.C. § 1983 and for a motion to proceed without prepayment of fees and costs.

Subsequent thereto, Plaintiff filed two additional handwritten complaints, neither of which was on the Court's required form. Plaintiff also failed to submit a motion to proceed without prepayment of fees, or in lieu thereof, pay the filing fee.  On September 4, 2009, this Court entered an Order extending the time for Plaintiff's compliance to October 2, 2009. (Doc. 9).  Plaintiff was again cautioned that his failure to comply with the Order within the prescribed time would result in the dismissal of his action for failure to prosecute and to obey the Court's Order.  To date, Plaintiff has failed to comply with the Court's Orders.  He has not refiled his complaint on the Court's current form. He has also  failed to file a motion to proceed without prepayment of fees on the Court's current form or in lieu thereof, pay the $350.00 filing fee.  Moreover, Plaintiff's copy of the Orders and forms have not been returned to the Court.

Due to Plaintiff's failure to comply with the Court's Orders and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule

41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this **2nd** day of **February, 2010**.

                                              /S/ SONJA F. BIVINS
                                        **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.  *Objection*.  Any party who objects to this recommendation, or anything in it, must, within fourteen days of the date of service of this document, file specific written objections with the Clerk of this Court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[1] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[1]The Court's Local rules are being amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009.